UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARTHUR ADAM HEBERT, JR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 08-4974**<br>**C/W 08-4975** |
| **C.R. ENGLAND, INC., ET AL.** | **SECTION "L" (4)** |

## ORDER & REASONS

Currently pending before the Court are the Defendant's Motions to Dismiss for Lack of Jurisdiction (Case No. 08-4974, Rec. Doc. 12; Case No. 08-4975, Rec. Doc. 15). For the following reasons, the Defendant's motions are now DENIED, reserving the Defendant's right to re-file following additional discovery.

**I.     BACKGROUND**

This case arises out of a motor vehicle accident that allegedly occurred on October 23, 2007, on U.S. Highway 270 in Woodward, Oklahoma. The Plaintiffs contend that Arthur Adam Hebert, Sr., and Jo Anne Hebert, the Plaintiffs' decedents, were traveling on Highway 270 when they stopped for congested traffic near a construction zone. According to the Plaintiffs, Luis Miguel Jimenez, an employee of C.R. England, Inc., was acting in the course and scope of his employment when he failed to stop the eighteen-wheeler tractor trailer he was operating. The Plaintiffs allege that, as a result of his failure to stop, Jimenez crashed into the Heberts' vehicle at a high rate of speed, killing them both.

On October 21, 2008, the Plaintiffs, the adult children of decedents Arthur Adam Hebert, Sr., and Jo Anne Hebert, filed this wrongful death and survival action in the Civil District Court for the Parish of Orleans. Plaintiffs are Louisiana residents and the Defendant, C.R. England,

Inc. ("CRE"), is a Utah corporation with its primary place of business in Salt Lake City, Utah. On November 19, 2008, CRE removed the action to this Court on the basis of diversity jurisdiction.

## II. PRESENT MOTION

Defendant CRE has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. CRE contends that its contacts with Louisiana are insufficient to give rise to personal jurisdiction because the accident occurred outside of Louisiana; CRE has not designated an agent for service of process in Louisiana; it does not own, maintain, or lease any offices or other property in Louisiana; it does not employ personnel permanently located in Louisiana; it does not own or maintain bank accounts in Louisiana; it does not have any assets in Louisiana; it does not keep or garage any of its trucks in Louisiana; it does not perform any intrastate trucking within Louisiana; it does not market, advertise, or recruit potential drivers in any manner specifically directed towards Louisiana; and, finally, only 0.6% of its approximately 6,000 truck drivers reside in Louisiana.

In response, the Plaintiffs contend that CRE has sufficient minimum contacts with the State of Louisiana to support this Court's exercise of personal jurisdiction over the corporation. According to the Plaintiff, CRE has designated a registered agent for service of process in Louisiana; CRE delivers to and picks up from numerous locations throughout Louisiana; it recruits drivers and other potential employees through Louisiana publications; it advertises to and does business with several Louisiana corporations; and, finally, it is also involved in several other lawsuits currently pending in Louisiana.

## III. LAW & ANALYSIS

"When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the

plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 753 (5th Cir. 1996). The plaintiff, however, need not establish jurisdiction by a preponderance of the evidence; rather, the plaintiff need only make a *prima facie* showing of jurisdiction. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). The Court must resolve all undisputed, as well as contested, facts in favor of the exercise of jurisdiction. *Id.*

Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state; and (2) the exercise of personal jurisdiction is consistent with due process. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990). Because the Louisiana long-arm statute extends to the limits of constitutional due process, the Court need only consider whether the exercise of personal jurisdiction over the defendant comports with the Due Process Claus. *See* LA. REV. STAT. ANN. § 13:3201(B); *see also Frisella v. Transocean Cable Ship Co.*, 181 F. Supp. 2d 644, 647 (E.D. La. 2002).

Constitutional due process is satisfied when a defendant has minimum contacts with the forum state and, as a result, the exercise of personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Such minimum contacts must indicate that the defendant should have reasonably anticipated being sued in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). "The Due Process Clause gives a degree of predictability to the legal system and allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Dickson Marine v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999).

When a cause of action arises out of a defendant's contacts with the forum state, the relationship between the defendant, the forum, and the litigation forms the essential foundation for personal jurisdiction. *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). Courts often refer to this type of jurisdiction as "specific jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). A single, substantial act that is directed to the forum state can support specific jurisdiction, provided, of course, that the act gave rise to the cause of action. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Conversely, when "the corporate operations within a state [are] so substantial and of such a nature as to justify suit against [a foreign defendant] on causes of action arising from dealings entirely distinct from those activities," jurisdiction over the defendant may also be proper. *Int'l Shoe*, 326 U.S. at 318. This type of jurisdiction is generally referred to as "general jurisdiction." *Helicopteros*, 466 U.S. at 414 n.9. In order for general jurisdiction to exist, the defendant's contacts with the forum state must be extensive in quality and nature. *See Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992); *see also Dickson Marine*, 179 F.3d at 336 (stating that, in order for court to exercise general jurisdiction over a defendant, the defendant's contacts with the forum state must be "continuous and systematic").

Once it is determined that a defendant has minimum contacts with the forum state, the court must determine whether its exercise of jurisdiction comports with fair play and substantial justice by considering: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480

U.S. 102, 113 (1987). A defendant must present "a compelling case that the presence of some consideration would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477.

### A. Specific Jurisdiction

After a review of the relationship between the Defendant, the forum state, and the litigation, the Court finds that specific jurisdiction is not at issue in this case. The instant case arises out of an alleged automobile accident in Woodward County, Oklahoma. Even assuming that the Plaintiffs are correct that CRE conducts a significant portion of its business in Louisiana, there is no evidence that the accident arose out of CRE's contacts with the forum state.

### B. General Jurisdiction

Although there is no basis for a finding of specific jurisdiction, the Court may still exercise general jurisdiction over CRE if the Plaintiffs can demonstrate that CRE's contacts with Louisiana are "continuous and systematic." *See Dickson Marine*, 179 F.3d at 336. CRE contends that its contacts with Louisiana are insufficient to give rise to this Court's exercise of general jurisdiction because CRE: (1) has not designated an agent for service of process in Louisiana; (2) does not own, maintain, or lease any offices or other property in Louisiana; (3) does not employ personnel permanently located in Louisiana; (4) does not own or maintain bank accounts or other assets in Louisiana; (5) does not keep or garage any of its trucks in Louisiana; (6) it does not perform any intrastate trucking within Louisiana; (7) does not market, advertise, or recruit potential drivers in any manner specifically directed towards Louisiana; and (8) employs approximately 6,000 truck drivers nationwide, only about 0.6% of whom reside in Louisiana. In response, the Plaintiffs argue that general jurisdiction is supported in this case because CRE: (1) has designated an agent for service of process in Louisiana; (2) delivers to and picks up from numerous locations throughout Louisiana; (3) recruits drivers and other potential

employees through Louisiana publications; (4) advertises to and does business with several Louisiana corporations; and (5) is also involved in several other lawsuits currently pending in Louisiana.

In *Dumachest v. Allen*, the court held that a non-resident trucking company did not have sufficient minimum contacts with the state of Louisiana to support the exercise of personal jurisdiction over it in relation to an accident that occurred in Texas. 2006-1614 (La. App. 3 Cir. 5/23/07); 957 So. 2d 374. In granting the defendant's declinatory exception of lack of personal jurisdiction, the court noted as persuasive that the trucking company, a New Jersey corporation with its principal place of business in Indiana: (1) did not maintain, own, or lease offices or other property in Louisiana; (2) did not have trucks garaged in Louisiana; (3) did not advertise in publications specifically targeting Louisiana; and (4) employed approximately 2,900 employees nationwide, only about 1.6% of whom had Louisiana licenses. *Id.* As the court explained, "[t]he accident at issue herein did not occur in Louisiana, nor does [the defendant] conduct its business in Louisiana; therefore, [the defendant] could not reasonably expect to be sued in the State of Louisiana, or defend itself in a Louisiana court." *Id.*

The Court finds the reasoning in *Dumachest* persuasive and, in many respects, closely analogous to the instant case. Like the collision in *Dumachest*, the accident at issue in this case occurred outside of Louisiana. Further, like the defendant in *Dumachest*, CRE, a Utah corporation with its primary place of business in Salt Lake City, Utah, does not own, maintain, or lease offices or other property in Louisiana. Although CRE does conduct some business in Louisiana when it either picks up a shipment from a Louisiana address or drops a shipment off to a Louisiana address, it does not garage its trucks in Louisiana and does not perform any

intrastate trucking within Louisiana.[1] If the inquiry ended there, the Court would likely find that there are insufficient grounds to support the exercise of general jurisdiction. However, the inquiry does not end there.

There is at least one significant and potentially dispositive issue which could distinguish the present case from *Dumachest*. Although CRE claims that it does not have an agent for service of process in Louisiana, the Plaintiffs allege that CRE designated William Adams, a CRE employee residing in Springfield, Louisiana, to act as its agent for service of process. Under Louisiana law, it is well settled that "the principal consequence of a foreign corporation's designation of an agent for service of process in Louisiana is to subject that corporation to the jurisdiction of a Louisiana court, even where the agent for service of process is the only 'presence' of the nonresident corporation in the state." *See Gazzier v. Columba Transp. Co., Ltd.*, 95-1755 (La. App. 4 Cir. 5/29/96); 675 So. 2d 826; *Phillips Petroleum Co. v. OKC Ltd. P'ship*, 93-1629 (La. 4/11/94); 634 So. 2d 1186 ("[Plaintiff] contends that [a corporation's] having a Louisiana agent for service of process is enough to subject that corporation to the jurisdiction of a Louisiana court. Of course, this is correct."); *see also Cave v. Davison*, No. 99-1989, 2001 WL 1098058, at * 11 (E.D. La. Sept. 18, 2001) (holding that defendant had sufficient contacts with Louisiana to support court's exercise of general jurisdiction where defendant "derived benefits from its activity in Louisiana in the form of profits ... registered with the Secretary of State of Louisiana, and appointed a registered agent for service of process in Louisiana"). As a result, if CRE did in fact designate an agent to receive service of process in

---

[1] In contrast, the Plaintiffs' argument that CRE should be subject to jurisdiction in this case simply because it is a named defendant in several other Louisiana cases falls well short of the mark, particularly given the fact that the two other cases cited by the Plaintiffs involve motor vehicle accidents that occurred in Louisiana. *See* Rec. Docs. 16-13, 16-15.

Louisiana, then it likely established sufficient contacts to support this Court's exercise of personal jurisdiction over it in relation to this case. Some limited discovery on this issue should be conducted. Neither party addressed this inconsistency in the briefing, and further briefing on the matter might be required after the parties have conducted additional limited discovery.

Because the Court "must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction," the Court finds that the Plaintiffs have successfully made a *prima facie* showing of jurisdiction. *See Luv N' Care*, 438 F.3d at 469. The Court will, however, permit the Defendant an opportunity to re-file its motion to dismiss following additional limited discovery.

## IV.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Defendant's Motions to Dismiss (Case No. 08-4974, Rec. Doc. 12; Case No. 08-4975, Rec. Doc. 15), are DENIED, reserving to the Defendant the right to re-file following additional limited discovery.

New Orleans, Louisiana, this 6th day of May, 2009.

_____
UNITED STATES DISTRICT JUDGE